IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No.  07-2134-KHV-JPO |
| ) | |
| MARY JANE ROBINSON, ) | |
| ) | |
| Defendant. ) | |

## JOURNAL ENTRY OF DEFAULT JUDGMENT AND FORECLOSURE

Comes on for hearing the Complaint of the United States of America (Doc. 1) and its Motion for Judgment by Default against Defendant Mary Jane Robinson (Doc. 5).  The United States appears by Eric F. Melgren, United States Attorney for the District of Kansas, and Christina L. Medeiros, Assistant United States Attorney for said District.  The defendant, Mary Jane Robinson, does not appear.  There are no other appearances.

The Court, upon examining its files and pleadings herein, finds as follows:

1.     The Complaint in this action was filed on March 29, 2007 (Doc. 1).  The Court has subject matter jurisdiction of this matter and jurisdiction over the parties and property that is the subject of the action.  Venue is proper in this Court.

2.     Defendant, Mary Jane Robinson, executed and returned the Waiver of Service of Summons form which was filed with the Court on April 10, 2007, in accordance with Rule 4(d) (Doc. 2).  Said waiver of service of summons is hereby approved by the Court.

3.     Defendant, Mary Jane Robinson, failed to appear, plead, or otherwise defend within the time allowed, and default was entered by the Clerk of the Court against defendant, Mary Jane Robinson on June 14, 2007 (Doc. 4).

4. Plaintiff has no information to indicate that defendant, Mary Jane Robinson, is an infant or incompetent person or is in the military service of the United States within the purview of the Soldiers' and Sailors' Relief Act of 1940 as amended.

5. Defendant, Mary Jane Robinson, is wholly in default and the United States is entitled to have default judgment entered in its favor against the Defendant.

6. On October 23, 1997, the defendant, Mary Jane Robinson, executed and delivered to Plaintiff, acting through the Farmers Home Administration, now Rural Housing Service, United States Department of Agriculture, a promissory note whereby she promised to pay the Plaintiff the sum of $35,370.00 with interest thereon at 7.25 percent per annum. As consideration for the note, the Plaintiff made a Rural Housing loan to the Defendant pursuant to the provisions of Title V of the Housing Act of 1949 (42 U.S.C. § 1471, et seq.).

7. At the same time and place and as part of the same transaction, to secure the payment of the note, the defendant, Mary Jane Robinson, executed and delivered to the Plaintiff a purchase-money security interest in the form of a real estate mortgage upon certain real estate in Cowley County, Kansas, within the jurisdiction of this Court, to-wit:

> Lots 17 and 18, Block 8, McLaughlin's Addition to Arkansas City, Kansas.

8. This mortgage was registered in the office of the Register of Deeds of Cowley County, Kansas, on October 23, 1997, in Book 541 at Pages 270-275.

9. Plaintiff is the owner and holder of the promissory note and real estate mortgage.

10. The defendant, Mary Jane Robinson, has failed to pay Plaintiff installments of principal and interest when due in violation of the provisions of the note and mortgage. The

Plaintiff has accelerated the indebtedness and made demand for payment in full. No payment has been received.

11. The defendant, Mary Jane Robinson, now owes Plaintiff under the provisions of the promissory note and real estate mortgage, the sum of $36,910.90 principal and $6,315.31 in interest as of October 24, 2006, plus interest accruing after that date at the daily rate of $7.1185 on principal to the date of judgment herein; and $5,086.04 in subsidy subject to repayment; plus interest thereafter at the legal rate set forth in 28 U.S.C. § 1961; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus court costs and the costs of this action presently and in the future incurred.

12. The defendant, Mary Jane Robinson, received a discharge in the United States Bankruptcy Court for the District of Kansas, Case No. 05-12661 on January 18, 2006, therefore this judgment shall be in rem.

13. No other action has been brought for recovery of said sum or any part thereof, nor has said sum or any part thereof been paid.

14. Plaintiff has completed all loan servicing requirements of Title V of the Housing Act of 1949, 42 U.S.C. § 1471, et seq. and all rules and regulations issued pursuant thereto.

15. Defendant, Mary Jane Robinson, has refused to make payment of said amounts due and is wholly in default under the terms of the promissory note and real estate mortgage, and the mortgage is subject to foreclosure. Plaintiff is, therefore, entitled to the foreclosure of its mortgage and to have its mortgaged property sold to satisfy the debt, interest and costs constituting a lien on the property.

16. The interest of the Defendant is junior and inferior to the interest of Plaintiff.

17. Less than one-third (1/3) of the original indebtedness secured by the mortgage was paid prior to default.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the findings of this Court are hereby made the order of this Court.

IT IS FURTHER ORDERED that the United States' motion for judgment by default against defendant, Mary Jane Robinson, (Doc. 5) is hereby granted.

IT IS FURTHER ORDERED that the United States is granted judgment in rem against defendant, Mary Jane Robinson, for the sum of $36,910.90 principal and interest in the amount of $6,315.31, as of October 24, 2006, plus interest accruing after that date at the rate of $7.1185 per day to the date of filing of this Journal Entry, plus $5,086.04 in subsidy repayment, plus post-judgment interest at the rate set forth in 28 U.S.C. § 1961, which is 4.94%; plus filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2), plus court costs and the costs of this action presently and in the future incurred.

IT IS FURTHER ORDERED that the United States is granted judgment foreclosing its mortgage on the subject real property.

IT IS FURTHER ORDERED that if the amount owing Plaintiff is not paid within ten (10) days from this date, an order of Sale directed to the United States Marshal for the District of Kansas shall issue upon proper motion being filed, commanding him to advertise and sell the described land and real estate at public sale at the front door of the Cowley County Courthouse, Winfield, Kansas, as though taken on execution and without appraisal, and subject to confirmation of the sale by this Court.

IT IS FURTHER ORDERED that Plaintiff may bid up to the full amount due it at the time of the sale without paying funds into the Court, which bid shall satisfy the requirement for a cash sale.

IT IS FURTHER ORDERED that out of the proceeds arising from the sale, there be satisfied in the following order, as far as the same shall be sufficient:

(1) Filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2);

(2) The costs of the sale and of this action;

(3) The interest accruing on Plaintiff's judgment in rem against the defendant, Mary Jane Robinson;

(4) Plaintiff's judgment against the defendant, Mary Jane Robinson; and

(5) The balance, if any, be brought into this Court to await its further order.

IT IS FURTHER ORDERED that the real estate being foreclosed upon and sold herein shall be sold at public sale in accordance with 28 U.S.C. §§2001-2003, inclusive. As a default occurred before one-third of the original indebtedness secured by the mortgage was paid, the sale shall be subject to a redemption period not to exceed three months, pursuant to the provisions of K.S.A. § 60-2414. The sale shall be subject to any unpaid real property taxes or special assessments.

IT IS FURTHER ORDERED that upon confirmation of the sale by this Court, the United States Marshal for the District of Kansas shall issue to the purchaser a Certificate of Purchase. Upon expiration of the Defendant's redemption period without redemption of the property, the Marshal shall issue a deed conveying the real estate upon presentation of the Certificate of Purchase. This deed shall convey the real estate to the holder of the Certificate of Purchase. The Defendant herein and all persons claiming by, through or under her, shall be forever barred and excluded of any and

all right, title, estate, equity or interest in, claim to or lien upon or against the real estate or any part or portion thereof.

IT IS FURTHER ORDERED that if the purchaser of the real estate is denied possession thereof, a Writ of Assistance will issue out of this Court upon the filing of a proper Motion therefore and without further order of the Court to place the purchaser of the real estate in peaceable possession thereof.

Dated this 3rd day of July, 2007, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

Approved by:

ERIC F. MELGREN
United States Attorney

s/ Christina L. Medeiros
CHRISTINA L. MEDEIROS
Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
Ks. S. Ct. # 12884
(913) 551-6730 (telephone)
(913) 551-6541 (facsimile)
E-mail: Chris.Medeiros@usdoj.gov
Ks. S. Ct. # 12884
    Attorneys for Plaintiff

ELECTRONICALLY SUBMITTED